IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) <br><br> Plaintiff,   ) <br><br> v.   ) <br><br> DAQUAN ANTHONY POINDEXTER,   ) <br><br> Defendant.   ) | Criminal Action No. 1:20-cr-00004 (RDA) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Defendant DaQuan Anthony Poindexter's Motion Requesting a Pardon (the "Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. The Court DENIES the Motion for the reasons that follow.

## I. BACKGROUND

On January 15, 2020, Defendant pleaded guilty to knowingly making a false statement in connection with the acquisition of a firearm, pursuant to 18 U.S.C. § 924(a)(1)(A). Dkt. 27. On July 8, 2020, this Court sentenced Defendant to 3 years of probation, with 3 of the months served in home confinement, and a $100 special assessment. Dkt. 47. On September 30, 2022, Defendant

1

was discharged early from probation and the proceedings in the case were terminated.  Dkt. 49. On November 26, 2025, Defendant filed the instant Motion Requesting a Pardon.  Dkt. 50.

## II. ANALYSIS

Defendant petitions the Court to pardon his previous conviction.  Dkt. 50.  Defendant, along with his references, specifically cites to his steady employment as a driver for TruGreen Lawn Service, his positive character shift, and his dedication as a father and fiancé.  *Id.*; Dkt. 50-3.  Although Defendant's work ethic and contributions to his family are commendable, this Court cannot grant pardons.

Specifically, Article II, Section 2, Clause 1 of the United States Constitution states: "The President . . . shall have Power to grant Reprieves and Pardons . . . except in Cases of Impeachment."  The Supreme Court interprets this clause in the Constitution to "give [the President] unlimited power in respect to pardon[s] . . . the term being generic necessarily includes every species of pardon, individual as well as general, conditional as well as absolute." *Ex parte Garland*, 71 U.S. 333, 351 (1866); *Schick v. Reed*, 419 U.S. 256, 266 (1974) ("the plain purpose of the broad power conferred by [the pardon power] was to allow plenary authority in the President to 'forgive' the convicted person in part or entirely, to reduce a penalty in terms of a specified number of years, or to alter it with conditions which are in *themselves* constitutionally unobjectionable.") (emphasis added).  Furthermore, the Supreme Court recognizes that this is a power "invested exclusively in him by the Constitution." *Trump v. United States*, 603 U.S. 592, 607 (2024) (internal citations and quotation marks omitted).  Thus, the pardon power is vested solely in the Executive branch and the Motion seeking such relief from this Court will be denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 50) is DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order. Failure to file a timely Notice of Appeal waives the right to appeal.

It is SO ORDERED.

Alexandria, Virginia
July 29, 2026

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge

3